IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. RDB-20-287 |
| TREMAYNE GERRARD MURPHY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS EVIDENCE FROM TITLE III WIRETAP

Now comes the Defendant, Tremayne Gerrard Murphy, by his attorney, Law Offices of Gerald C. Ruter, P.C. and he respectfully moves this Honorable Court to suppress all evidence obtained directly or indirectly through electronic surveillance, and in support of his Motion says as follows:

1. Mr. Murphy is charged by indictment with two others with conspiracy to distribute and possess with intent to distribute 28 grams of more of cocaine base and related offenses, in violation of 21 U.S.C. 846; possession of marijuana, in violation of 21 U.S.C. 841(b)(1)(C); possession of a firearm by a prohibited person, in violation of 18 U.S.C. 922(g); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. 924(c).

2. Discovery in this case reveals that the Government sought and received permission to overhear and record conversations that occurred over a cellular telephone, upon information and belief **(443) 252-6357**.

3. The government will allege that (443)252-6357 is associated with **Reginal Bolden.**

4. It is believed and therefore averred that the government will allege that Mr. Murphy's voice was intercepted and his voice has been recorded by law enforcement on these phones. As such, Mr. Murphy has standing to challenge the validity of these wiretap orders pursuant to 18 U.S.C. 2518.

5. It is apparent from the discovery provided at this point that the government will attempt to introduce evidence seized through this telephone intercept to attempt to prove Mr. Murphy's alleged participation in the alleged conspiracy, the extent of his participation and the quantities and types of drugs alleged to have been obtained and distributed by members of the conspiracy. Harford County Circuit Judge Angela Eaves authorized these interceptions on or about **February 4, 2020.**

6. The government failed to adequately exhaust less intrusive investigative procedures or adequately explain why less intrusive procedures would not succeed prior to obtaining the Order authorizing the electronic surveillances herein as required by 18 U.S.C. 2518(c).

7. The government failed to cease monitoring the wiretap after the objectives stated in the Order had been achieved as required by 18 U.S.C. 2518(5).

8. The government failed to minimize the conversations intercepted, overheard and recorded pursuant to U.S.C. 2518(5).

9. The government did not have probable cause to obtain the Order authorizing the electronic surveillances herein as required by the Fourth Amendment and 18 U.S.C. 2516 and 2518(3)(a) and (b).

10. The Application, Affidavit and Order herein are so facially deficient pursuant to the requirements set forth in 18 U.S.C. Section 2518 that the affiant could hold no reasonable belief as to their legality.

**WHEREFORE,** it is prayed this Court suppress all evidence obtained directly or indirectly as a result of the wire intercepts herein.

Respectfully Submitted,

/S/ Gerald C. Ruter

Law Offices of Gerald C. Ruter, P.C.
9411 Philadelphia Road, Suite O
Baltimore, Maryland  21237
(410) 238-8000
Ruterlaw@verizon.net

**GROUNDS AND AUTHORITIES:**

18 U.S.C. 2518

Fourth Amendment, United States Constitution

Illinois v. Gates, 462 U.S. 213 (1983)

United States v. Smith, 31 F.3d 1294 (4th Cir. 1994)

United States v. Wilson, 484 F.3d 267 (4th Cir. 2007)

United States v. Lyons, 507 F.Supp. 551 (D.Md. 1981)

United States v. Oriakhi, 57 F.3d 1290 (4th Cir. 1974)

Scott v. United States, 425 U.S. 917 (1976)

United States v. Giordano, 416 U.S. 505 (1974)

United States v. Cafero, 473 F.2d 489 (3rd Cir. 1973)

**Request for Hearing**

A hearing is requested pursuant to Local Rule 105.6.

**Certificate of service**

I hereby certify that a copy of this paper was sent electronically to all counsel of record on this 26th day of May, 2020 by CM/ECF.

/S/ Gerald C. Ruter

---
Gerald C. Ruter